IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 14 B 30595 |
| Denise J Jackson ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| ) | |
| Denise J Jackson ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 14 AP 00734 |
| Ocwen Loan Servicing, LLC ) | |
| ) | |
| Defendant. ) | |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. **The Parties**

   1. The Plaintiff is Denise J Jackson ("Plaintiff").

   2. The Defendant is Ocwen Loan Servicing, LLC ("Defendant").

B. **Factual Background**

   1. On or about August 20, 2014, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

   2. Plaintiff owns the real estate commonly known as 12209 S. May, Chicago, IL 60643.

   3. Ocwen Loan Servicing, LLC holds a first mortgage lien on the real property commonly known as 12209 S. May, Chicago, IL 60643, with a secured claim of $67,474.00 pursuant to the Plaintiff' recent credit report.

4. The Defendant holds a second mortgage lien on the real property known as 12209 S. May, Chicago, IL 60643 in the approximate amount of $11,503.95 pursuant to Plaintiff's mortgage statement.

5. On August 18, 2014, LM Appraisal Group provided the Plaintiff with property comparables. Said property comparables reflect the value of the property located at 12209 S. May, Chicago, IL 60643 to be $45,933.00.

6. The Modified Chapter 13 Plan filed on November 4, 2014, provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $487.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10.00% of their allowed claims.

8. On October 15, 2014, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 12209 S. May, Chicago, IL 60643.

9. That on October 15, 2014, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to an officer of the Defendant 1661 at Worthington Road, Suite 100, West Palm Beach, FL 33409, and also to the registered agent, Illinois Corporation Service C, registered agent located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14-00734:6.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 11/24/2014 12:13:54 PM by:Michael Miller Page 3 of 4

12. No evidence has been presented to challenge the property value of $45,933.00.

13. The first secured claim of Ocwen Loan Servicing, LLC in the amount of $67,474.00 exhausts the value and equity in Plaintiff's residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured lien on the property located at 12209 S. May, Chicago, IL 60643 in the amount of $67,474.00, and the second secured lien in the amount of $11,503.95.

5. That the value of Plaintiff's residence is $45,933.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home

Case 14-00734    Doc 11    Filed 12/05/14    Entered 12/08/14 10:28:35    Desc Main
                          Document      Page 4 of 6

14-00734:6.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 11/24/2014 12:13:54 PM by:Michael Miller Page 4 of 4

mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 12/5/14

Enter:

_____
United States Bankruptcy Judge
DEC 05 2014

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 14 B 30595 |
| Denise J Jackson ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ADV. NO. 14 AP 00734 |
| Ocwen Loan Servicing, LLC ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT OF DENISE J JACKSON

Denise J Jackson, being duly sworn, state that they own the property located at 12209 S. May, Chicago, IL 60643, in support of their complaint to determine the validity of the second lien of Ocwen Loan Servicing, LLC pursuant to 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012, they state as follows:

1. I filed for relief under Chapter 13 of the Bankruptcy Code on August 20, 2014.

2. That I own the property located at 12209 S. May, Chicago, IL 60643.

3. That I took out a first mortgage with Ocwen Loan Servicing, LLC, currently reported with a balance of $67,474.00, pursuant to my recent credit report.

4. That I took out a second mortgage with Ocwen Loan Servicing, LLC, currently reported with a balance of $11,503.95, pursuant to my mortgage statement.

5. That on October 15, 2014, I issued an alias summons and complaint pursuant to 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012 to determine the value of security of the second claim of Ocwen Loan Servicing, LLC.

Further Affiant Sayeth Not.

Dated: the 24 Day of November, 2014

_____
DENISE J JACKSON

SUBSCRIBED AND SWORN Before Me

Dated: the 24 Day of November, 2014

_____
NOTARY PUBLIC

Official Seal
Nancy Gandarilla
Notary Public State of Illinois
My Commission Expires 08/26/2015

6. My attorney served the summons and complaint via certified mail on the Defendant, Ocwen Loan Servicing, LLC at 1661 at Worthington Road, Suite 100, West Palm Beach, FL 33409, and also to Illinois Corporation Service C, to the registered agent, located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

7. On August 18, 2014, a property appraisal was conducted on my property located at 12209 S. May, Chicago, IL 60643 by LM Appraisal Group.

8. The property appraisal reflected the value of my property to be $45,933.00.

9. Accordingly, I owe more on the first mortgage of my property than it is worth.

10. I respectfully request that this Court enter an order valuing my property at $45,933.00 and to strip the second lien of Ocwen Loan Servicing, LLC.

Further Affiant Sayeth Not.

Dated: the 24 Day of November, 2014

_____
DENISE J JACKSON

SUBSCRIBED AND SWORN Before Me

Dated: the 24 Day of November, 2014

_____
NOTARY PUBLIC

Official Seal
Nancy Gandarilla
Notary Public State of Illinois
My Commission Expires 08/26/2015